## SUPREME COURT.

THE PEOPLE &c. agt. THE MAYOR, &c., OF THE CITY OF NEW YORK, and others.

*It seems* that the *fee* of the streets of the city of New York, is vested in the *corporation of the city, in trust* for the use of the public as highways.

In an action brought by the people of the state, with certain individuals named claiming to be owners in fee of the property affected, for the purpose of declaring *unconstitutional* and *invalid*, an act of the legislature granting to certain individuals the right to lay down rails for a railroad in the city of New York, and for an *injunction* restraining the grantees named in the act, and the corporation of the city, from proceeding under the act, *held*, on demurrer, that the common council of the city was not a necessary *party*.

*New York Special Term, January*, 1861.

THE mayor, &c., of the city of New York, demur to the complaint in this action, because, first, no cause of action is stated against the city corporation as defendants; second, that the People &c. and the other plaintiffs are improperly joined in this action as against the city.

The object of the action is to obtain the judgment of this court declaring an act of the legislature of the state of New York, passed at their last session, authorizing the construction of a railroad in the streets of the city of New York, commonly known as the "Broadway Parallel," unconstitutional and void, and perpetually enjoining the grantees, &c., from disturbing the soil of the streets, and from constructing the railroad authorized by the said act, and also enjoining the mayor, &c., of the city of New York from giving the assent of the corporation of this city to the said grant, or to the construction or operating of a railroad in the streets and avenues designated in the act.

The complaint sets forth the act of the legislature which is complained of—and is to be found at page 1,042 of the session laws of 1860—alleges that the plaintiffs, other than the people, are the owners of the land fronting on certain

NEW YORK PRACTICE REPORTS. 145

People agt. The Mayor, &c., of New York.

portions of the streets to be occupied in constructing and operating the said railroad, and that such plaintiffs are the owners of the soil of the streets in front of their lands, subject only to the use thereof by the public for highways; and that such railroad, by obstructing the public and accustomed use of the streets, and the approach to the lands of the plaintiffs, constitutes a nuisance as to the public at large, and specially as to the said plaintiffs, who are owners of land fronting on the streets to be occupied by the railroad.

The complaint also alleges that the right or privilege of constructing and operating a city railroad on the line proposed, is worth one million of dollars; that responsible parties have offered that sum for the said privilege.

That the fee of the land in the streets to be occupied by the said railroad is in the ʼmayor, &c., of the city of New York, if not in the owners of the land fronting on the said streets.

That the defendants, other than the mayor, &c., who are the grantees named in the said act, under color thereof, threaten to lay down their rail-track and operate their railroad along the prescribed route, without making any compensation to the owners of the land along the line so to be occupied, and without instituting any proceedings to acquire the right to use the streets, and without making any compensation to the mayor, &c., of the city of New York, for the benefit of the city, or those represented by them.

That the plaintiffs, the people of this state, have a perpetual right of way in the said streets, with all the powers and privileges incident to such right of way.

That the defendants named as grantees in the said act, are now endeavoring to procure the assent of the mayor, &c., of the city of New York, to construct and operate the said railroad; and inasmuch as by the terms of the said act, the mayor, &c., and the officers of the city corporation

are prohibited from doing anything to hinder the construction of the railroad, and are expressly required to facilitate the construction thereof, the plaintiffs are apprehensive that, unless enjoined, the defendants, the mayor, &c., of the city of New York, will proceed to give their assent to the said act, and to the grant contained therein.

WILLIAM CURTIS NOYES, *for the plaintiffs.*
HENRY H. ANDERSON, *for Mayor, &c.*

LEONARD, Justice.    The counsel for the mayor, aldermen, &c., for the city of New York, concurred with the counsel for the plaintiffs, on the argument of the demurrer, in the proposition that the act of the legislature complained of is unconstitutional and void, and that the authority thereby granted to the individual defendants who are named in the act, to construct and operate a railroad in the streets of the city of New York, in the manner thereby provided, is wholly nugatory.

It will be assumed, therefore, for the purpose of this decision, that the plaintiffs will succeed in obtaining such judgment as against the defendants who are named as grantees in the said act.

The court are not, however, to be deemed as committed to any such conclusion, but simply that the proposition as to the invalidity of the act, in which both parties concur, is accepted for the purpose of deciding the questions raised by the demurrer.

The complaint alleges that the title to the streets of the city of New York in front of the land belonging to the plaintiffs, other than the people &c., proposed to be occupied by this railroad, is vested in such plaintiffs.

There are numerous opinions by eminent judges of the courts of this state on record, in cases where the question incidentally arose, wherein it has been held that the fee of the streets of the city of New York is vested in the cor-

poration of the said city, in trust for the use of the public as highways, &c.

These decisions were principally made in cases where it was considered just to uphold the public right against individual usurpation, acting under color of authority.

Such cases may again arise. It will be the manifest duty of the city authorities, should this demurrer be overruled, and the city corporation be required to answer the complaint, to deny the claim of the individual proprietors of the land, who are plaintiffs in this action, to any right or title in the streets of the said city.

Thus an issue of great importance to the people of the city of New York will be thrust upon the mayor, aldermen, &c., of the said city, in their corporate capacity, while such an issue is in effect only collateral to the main question of the constitutionality and validity of this particular act of the legislature.

The plaintiffs insist that the mayor, &c., of the city of New York are necessary parties, because they are interested, as the plaintiffs allege, in the determination of the question of the validity of the said act, and that the city authorities will not be concluded or estopped by the judgment, if rendered for the plaintiffs, from hereafter insisting in any future litigation or action, in opposition to their present position, that the act in question is in all respects valid and binding.

The grantees of the authority to construct the railroad are the parties who are chiefly interested in upholding the act of which the plaintiffs complain. Those grantees are also defendants in this action. If the city of New York can be said to have any interest in upholding the act of a pecuniary nature, it must arise under the second section in respect of the annual license fee required to be paid by the grantees named in the act, to the city treasury, for each car to be run on the said railroad.

The action is not brought to compel a payment of com-

pensation by the grantees to the private owners of land, or to the city corporation for land in which they hold the title or fee, or for city franchises taken without process of law; but it is for the purpose of having the legislative act judicially declared to be nugatory, and to prevent the construction ef the railroad.

It is not pretended that the city are about to construct the railroad, or that the city authorities will ever seek to compel the grantees, under the act complained of, to proceed and construct the railroad according to the grant, and to run cars thereon, and pay a license fee therefor to the city.

Assuming that the plaintiffs, the people, &c., or the plaintiffs who are private owners of land, can maintain their standing in court on some of the grounds alleged, as against the grantees named in the legislative act, who are defendants in this action; and assuming also that some of the faults alleged against the validity of the act can be maintained, there can be no reason why the judgment of the court should not be pronounced in favor of the plaintiffs, and against the defendants, who are grantees in the act, although the mayor, aldermen, &c., be not parties to the action.

Assuming again that final judgment should be so pronounced for the plaintiffs against the grantees named in the act, it cannot be doubted that it will then be impossible for the mayor, aldermen, &c., to take any valid measures to have the railroad constructed under the authority of the act in question.

Assuming the complaint to be true, as for the purposes of this demurrer it must be, there can be no public duty authorizing or requiring the mayor, aldermen, &c., to take any independent action to compel the construction of this railroad.

It is inconsistent with the theory of the complaint, to insist that the mayor, aldermen, &c., will be injuriously affected by adjudging the act to be nugatory, and that they

are therefore necessary parties to enable the court so to declare, or that it is necessary that they be concluded or estopped from setting up its validity. There are no allegations to show that the interests of the mayor, aldermen, &c, are not in harmony with the plaintiffs, upon the main question of the validity of the act. There are no allegations in the complaint that the city corporation have been invited to become plaintiffs or actors in this action, or that they have refused so to do. Nor can the defendants, who are named as grantees in the act, sustain an objection to the complaint for the want of the mayor, aldermen, &c., of the city of New York as parties to the action. The defendants, who are grantees in the act, can put at issue the allegations of the complaint in regard to the facts upon which the plaintiffs claim a standing in court, and require the plaintiffs to be put to their proofs, as well without the city corporation as a party as with them.

No contingency can, I think, be suggested in which the absence of the mayor, &c., of the city of New York, as a party to this action, can embarrass the plaintiffs in procuring a determination as to the validity of the act complained of as against the grantees therein, who are the only parties that can ever become actors in constructing a railroad under the said legislative act.

It appears to be quite clear that the mayor, aldermen, &c., are made parties defendant solely on the ground that the plaintiffs apprehend that there is danger that the common council will assent to the construction of the railroad under the authority of the act. There are no facts alleged to charge the defendants who have demurred with any case requiring relief, except the apprehensions just mentioned.

There remains also to be considered another ground upon which it is insisted that the complaint herein ought to be maintained. Assuming all the facts stated in the complaint to be true, are the plaintiffs entitled to a perpetual injunction against the mayor, aldermen, &c., of the said city, from

assenting to the grant contained in the said act, or to the construction and operating of the said railroad?

Referring again to the facts alleged in the complaint affecting the said defendants, they are, that the defendants who are named in the act are endeavoring to procure the assent of the common council, and the plaintiffs are apprehensive that they (those defendants) will succeed in obtaining such assent. There is no allegation that any resolution has been offered in either board of the common council, or that any action has been begun in either board affecting the subject, or that there is a majority in either board favorable to giving such assent.

The assent could not be given without a resolution of the common council duly passed. No officer of the city government is clothed with the authority to give such assent without the sanction of the common council.

The injunction, then, in effect, restrains the common council from performing a legislative act or function.

It has been previously determined by this court that an injunction for such a purpose could not properly be granted.

Should such a resolution be adopted, it will then be in season to restrain the operation thereof by injunction, if it be invalid for any reason. Such a resolution may never be passed, or even proposed.

The facts alleged upon which the apprehension of the plaintiffs is founded, are too vague and indefinite to warrant the belief of actual danger.

Whatever opinion the plaintiffs or the public may entertain in respect to the good faith of the city legislature in the execution of the duties confided to them, no court can accept that opinion on rumor or suspicion alone. The action of the court must be based on distinct charges of facts, from which the desired conclusion can be drawn, and which, upon issue joined, can be sustained or rebutted by proof.

In this case the plaintiffs make no allegation of any facts

showing why this court ought to determine, judicially, that the mayor and aldermen will consent to the construction or operation of the proposed railroad.

Judgment will therefore be entered for the defendants, the mayor, aldermen, and common council of the city of New York, upon the demurrer, with costs.